## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEDRIC A. JAMISON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8715** |
| **JACK STRAIN, ST. TAMMANY PARISH JAIL** | **SECTION "N"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the petitioner's pending Motion to Dismiss, Record Doc. No. 12, be **GRANTED** and that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE**

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

for failure to exhaust state court remedies and otherwise as moot and for seeking relief which is not available.

I.      STATE COURT PROCEDURAL BACKGROUND

The petitioner, Cedric A. Jamison, is incarcerated in the Allen Correctional Center in Kinder, Louisiana.[2]   Jamison was indicted in St. Tammany Parish Case No. 339068 for the aggravated rape of his six-year-old daughter over the course of an 18-month time period.[3]   He was also charged by bill of information on September 26, 2001, in St. Tammany Parish Case No. 339101 with aggravated incest of his 10-year-old daughter.[4]

During the next five years, after his indictment, more than 40 motions were granted to the defense by the state trial court to continue various motion hearings and the trial.[5]   Finally, on November 7, 2006, the state trial court accepted Jamison's pleas of guilty as charged in Case No. 339101 and to the amended charge of attempted aggravated

---

[2]Rec. Doc. No. 11.

[3]St. Rec. Vol. 1 of 1, Indictment, 9/21/01; Plea Transcript, p. 13, 11/7/06.

[4]St. Rec. Vol. 1 of 1, Bill of Information, 9/26/01; Plea Transcript, pp. 13-14, 11/7/06.

[5]I have reviewed and tabbed over 44 minute entries in Volume One of the state court record which reflect continuances granted upon motion by the defense dated between January 10, 2002 and October 27, 2006.

rape in Case No. 339068. Both guilty pleas were entered pursuant to <u>State v. Crosby</u>, 338 So.2d 584 (La. 1976), and <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970).[6]

Pursuant to the plea agreement between the State and Jamison, the state trial court sentenced Jamison that same day to concurrent prison sentences of 20 years for aggravated incest and 25 years for attempted aggravated rape.[7] The state trial court later denied without reasons Jamison's motion to reconsider the sentences.[8]

## II. FEDERAL HABEAS PETITION

On October 25, 2006, Jamison filed a petition for federal habeas corpus relief, alleging that his right to a speedy trial had been violated because he had not been to trial after five years.[9] The State filed a response to the petition, alleging that this court lacks jurisdiction over Jamison's petition, that the petition is moot because he entered pleas of guilty on November 7, 2006, and that the petitioner has failed to exhaust state court remedies. In response to the State's opposition, Jamison filed on March 21, 2007, a

---

[6]St. Rec. Vol. 1 of 1, Indictment (as amended), 9/21/01; Minute Entry, 11/7/06; Plea Transcript, 11/7/06. Under Louisiana law, a <u>Crosby</u> plea allows the defendant to reserve the right to appeal the denial of his motion to suppress. Under <u>Alford</u>, a criminal defendant may enter and the court may accept a plea of guilty in spite of the defendant's insistence that he is innocent.

[7]St. Rec. Vol. 1 of 1, Minute Entry, 11/7/06; Plea Transcript, pp. 15-16, 11/7/06.

[8]St. Rec. Vol. 1 of 1, Motion to Reconsider, 12/1/06; Trial Court Order, 12/13/06; Addendum to Motion to Reconsider, 12/7/06; Trial Court Order (2), 12/13/06.

[9]Rec. Doc. No. 1.

motion to dismiss his petition to allow him to complete exhaustion, implicitly conceding that he has <u>not</u> exhausted his available state court remedies.

III.   <u>NATURE OF THE CURRENT PETITION</u>

Jamison has presented his claims on the form reserved for the filing of habeas corpus petitions under 28 U.S.C. § 2254.  However, given his attempt to assert a right to a speedy trial, "the issue here is whether habeas corpus is warranted under § 2241(c)(3); that section empowers district courts to issue the writ, inter alia, before a judgment is rendered in a criminal proceeding." <u>Braden v. Jud. Cir. Ct. of Ky.</u>, 410 U.S. 484, 503-04 (1973).  Thus, it is appropriate for this court to consider Jamison's petition under the rules applicable to pretrial petitions brought pursuant to Section 2241.

As will be discussed herein, the record reflects that Jamison's request that his charges be dismissed for speedy trial violation are now moot and that he has not exhausted his state court appellate or post conviction remedies related to his convictions and sentences.  His claims can be dismissed for the following reasons.

IV.   <u>MOOTNESS OF PRETRIAL ISSUES</u>

Jamison's federal habeas corpus petition is now moot and he is no longer entitled to federal review of his speedy trial issues.  Claims for federal habeas relief of pretrial issues are mooted by a petitioner's subsequent conviction. <u>Yohey v. Collins</u>, 985 F.2d 222, 228-29 (5th Cir. 1993) (citing <u>Fassler v. United States</u>, 858 F.2d 1016, 1018 (5th

Cir. 1988)); <u>United States v. Zuniga-Salinas</u>, 945 F.2d 1302, 1306 n.1 (5th Cir. 1991),

<u>modified in part on other grounds</u>, 952 F.2d 876 (5th Cir. 1992); <u>Thornton v. Johnson</u>,

No. 3:00-CV-1875-G, 2001 WL 204777, at *4 (N.D. Tex. Feb. 27, 2001) (Sanderson,

M.J.), <u>report & recommendation adopted</u>, 2001 WL 313959 (N.D. Tex. Mar. 30, 2001)

(Fish, J.).

On November 7, 2006, Jamison entered pleas of guilty to attempted aggravated

rape of his six-year-old daughter and aggravated incest of his 10-year-old daughter. This

renders moot his claims concerning pretrial issues of violation of speedy trial limitations.

His petition seeking such relief should be dismissed as moot.

V.   <u>FEDERAL HABEAS RELIEF IS NOT AVAILABLE</u>

Even if Jamison's petition was not moot at the time of filing, he was not entitled

to the relief he sought. In his application, Jamison sought his release from custody and

dismissal of the charges against him. He did not seek enforcement of his right to a

speedy trial.

It is well settled that federal habeas corpus relief is not available "to 'abort a state

proceeding or to disrupt the orderly functioning of state judicial processes' by litigating

a speedy trial defense to a prosecution prior to trial." <u>Dickerson v. Louisiana</u>, 816 F.2d

220, 226 (5th Cir. 1987) (<u>quoting</u> <u>Braden</u>, 410 U.S. at 489-92 and <u>citing</u> <u>Brown v.</u>

<u>Estelle</u>, 530 F.2d 1280, 1283 (5th Cir. 1976)). Thus, the relief Jamison sought, release

and dismissal of the charges, is not an available remedy for a speedy trial challenge in a federal habeas corpus petition.  His claims sought relief which cannot be granted by this court, and his petition must therefore be dismissed.

## VI.   EXHAUSTION OF  STATE COURT REMEDIES

Even if Jamison had sought appropriate relief, he has failed to exhaust state court remedies.  Although there is no reference to an exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c)(3), a federal court should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be resolved on the merits in the state court or by some other state procedures available to the petitioner.  Dickerson, 816 F.2d at 225; Greer v. St. Tammany Parish Jail, 693 F. Supp. 502, 508 (E.D. La. 1988); see also Braden, 410 U.S. at 489-92.  The exhaustion doctrine is applied to Section 2241(c)(3) as a matter of comity and is based on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.  Dickerson, 816 F.2d at 225.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).  Within the context of a Section 2241 action, this exhaustion requirement is obviated only if "special

6

circumstances" exist.  Dickerson, 816 F.2d at 225 (citing Braden, 410 U.S. at 489);

Tooten v. Shevin, 493 F.2d 173, 177 (5th Cir. 1975).

The record in this case reflects that Jamison did not pursue state court appellate

relief at any level on his speedy trial issue prior to entering his guilty pleas.  My staff has

also confirmed by contacting the office of the clerk of the Louisiana Supreme Court that

Jamison has not sought post-conviction relief in that court.  Jamison implicitly concedes

his failure to exhaust in his recently filed motion to dismiss.

Jamison, therefore, failed to exhaust state court remedies both before and after his

conviction.  His claims must be dismissed for this reason.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the Motion to Dismiss (Rec. Doc. No. 12)

filed by the petitioner, Cedric A. Jamison, be **GRANTED**.

It is further **RECOMMENDED** that Jamison's petition for issuance of a writ of

habeas corpus under 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** for

failure to exhaust state court remedies, and otherwise as moot and for seeking relief

which is not available.

A party's failure to file written objections to the proposed findings, conclusions,

and recommendation in a magistrate judge's report and recommendation within ten (10)

days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  Douglass v. United

Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___13th___ day of April, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

8